[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ORDERING PARTITION OF PROPERTY BY SALE
This action, by writ and complaint, claiming a partition or sale of CT Page 5085-dd the within came to this court on May 27, 1997, and thence to the present time when all parties appeared.
The said properties are bounded and described as follows:
 I Two certain pieces or parcels of land, together with the buildings thereon and improvements situated thereon, in the Town of Bolton, County of Tolland and State of Connecticut, bounded and described as follows:
 FIRST TRACT:
 NORTHERLY: By land formerly of Mrs. L. J. Robertson; By land formerly of William L. Fish and by land formerly of John S. Risley, in part by each;
 SOUTHERLY AND SOUTHEASTERLY: By land formerly of Cary D. Carpenter; and
 WESTERLY: By the highway. continuing 19.99 acres, more or less.
 SECOND TRACT:
NORTHERLY: By land formerly of William L. Fish;
EASTERLY: By the Highway;
 SOUTHERLY: By the Highway and land formerly of Ella V. Martin, in part by each; and
 WESTERLY: By land formerly of Ilans Hansen and by land formerly of Ella V. Martin, in party by each.
Excluding from this tract is that land deeded to the State of Connecticut for Highway purposes on November 2, 1929, and recorded in Volume 20, Page 336 of the Bolton Land Records. CT Page 5085-de
 II A certain piece or parcel of land situated in the Wells Woods, so-called section of the Town of Columbia, County of Tolland and State of Connecticut, and bounded and described as follows:
 Beginning at a point in the easterly boundary line of Wells Woods Road, so-called, which point is located 845 feet, more or less, southerly of the southwest corner of land formerly of one Fitch, the line runs thence easterly, following a stone wall, for a distance of one hundred fifty (150) feet, more or less, to a corner; thence southerly by other land of one Henry V. Mono, following a stone wall, two hundred twenty-nine (229) feet, more or less, to a corner; thence westerly by other land of one Henry V. Mono, partly along a stone wall, one hundred eighty-seven (187) feet, more or less, to the easterly boundary line of said Wells Wood Road; thence northerly in the easterly line of said Road two hundred twenty-nine (229) feet, more or less, to the point of beginning;
 Being a part of the third tract of land described in a deed to Henry V. Mono from the Estate of Anna Siegelbaum Feinberg dated May 15, 1930 and recorded in Columbia Land Records, Volume 23, page 67-68;
 It is understood that where the boundary lines of the above described premises are described as following stone walls, the walls and the land whereon they stand are included in the conveyed premises.
 III A certain tract or parcel of land situated in the Town of Columbia, County of Tolland, State of Connecticut, bounded and described as follows:
 SOUTHERLY: by highway leading from Leonard Bridge Road to Wells Woods;
WESTERLY: by land now or formerly of Alfred Holbrook; CT Page 5085-df
 NORTHERLY: by land now or formerly of Otis Hill and Louis Brousseau; and
 EASTERLY: by land now or formerly of Louis Brousseau and Albert Carpenter.
Containing eight (8) acres of land, more or less.
 Being the same premises described in a Warranty Deed, William Fries to Jacob Siegelbaum, dated April 26, 1915 and recorded in Volume 9, Page 76 of the Columbia Land Records.
The plaintiff Dorothy Mitchell and the defendant Samuel Silverstein move that the court order partition by sale. The defendant Morris Silverstein requested of the court that there be a physical partition of the property.
The court determines after full hearing, that physical partition of the properties is impractical and that partition by sale serves the best interest of the parties. Consequently the court orders partition by sale. Pursuant to General Statutes § 52-495 the court appoints Attorney Atherton Ryan as committee to accomplish said partition sale.
The court further determines that a sale by auction would be impractical and would likely not result in obtaining the fair market value of the properties. Consequently the court authorizes Attorney Ryan to retain a realtor for the purpose of marketing the property in the customary method that said properties are sold in the open market. Attorney Ryan is authorized to retain said realtor on the basis of the realtor's fees being on a contingent percentage of sale basis, such percentage to be such percentage as is customarily charged by relators in selling similar properties in this general geographic location. Such agreement as to the percentage of fees to be charged shall be submitted to the court for approval prior to the actual retaining of the realtor.
It is anticipated that said partition sale can be accomplished within six months of the date of this order. If that time frame proves to be impractical the committee can contact the court to determine further orders.
All offers by prospective purchasers shall be submitted to the court for approval prior to the entering into any agreement or contract of CT Page 5085-dg sale. All prospective purchasers shall be made aware of this contingency.
Said properties shall be sold free and clear of all claims. All persons having claims against said properties shall submit said claims to this court, to be determined by Supplemental Judgment. Connecticut General Statutes § 52-502.
There are a number of properties subject to this order of partition by sale. The Committee is authorized, in its discretion, to engage in the sale of an individual parcel or individual parcels without selling all of the properties as a single transaction. Nothing contained herein shall prevent any of the parties from offering to purchase any or all of the properties.
The reasonable costs of the Committee shall be paid from the proceeds of said sale and shall be a cost of this partition sale. Attorney Ryan has agreed to a reasonable charge for his services as Committee. The parties are free to contact the court as to the hourly rate which will be charged by the Committee for said services. The Committee will keep specific time sheets reflecting the time spent.
 ___________________, J. L. Paul Sullivan
CT Page 5085-dh thru CT Page 5085-dm are blank CT Page 5085-dn